**Abatement Order filed November 23, 2021**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-19-00053-CV
_____

## IN THE INTEREST OF G.X.H., JR. AND B.X.H., CHILDREN

**On Appeal from the 313th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-04498J**

## A B A T E M E N T   O R D E R

Appellant filed a motion to supplement the record to review exhibit "P5." We ordered the clerk of the 313th District Court to deliver the original exhibit to this court for inspection. The clerk of the 313th District Court wrote to this court explaining that exhibit P5, a CD-ROM purporting to contain certain medical records, was delivered to this court but encrypted. The clerk further reported that the encryption code has expired and new records cannot be ordered because they would be different from those records offered and admitted at trial.

Rule 34.6(f) of the Texas Rules of Appellate Procedure provides that an appellant is entitled to a new trial when the reporter's record or exhibits are lost under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or--if the proceedings were electronically recorded--a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Tex. R. App. P. 34.6(f).

Accordingly, the trial court is directed to conduct a hearing to determine the following: (1) whether without the appellant's fault, a significant exhibit has been lost or destroyed; (2) whether the missing exhibit is necessary to the appeal's resolution; and (3) whether the parties can agree on replacement of the missing exhibit; or (4) whether the trial court can determine that the missing exhibit can be replaced with a copy determined by the trial court to accurately depict with reasonable certainty the original exhibit. The court is directed to reduce its findings to writing and to have a supplemental clerk's record containing those findings filed with the clerk of this court, together with a reporter's record from the hearing, on or before December 14, 2021.

This appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will

also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator shall set a hearing date and notify the parties of such date.


PER CURIAM


Panel Consists of Justices Wise, Jewel, and Hassan.